## No. 11,711.

### MRS. ANNA CHAPOTON VS. HER CREDITORS.

Where, after judgment on a syndic's final account, a rule is taken on him to subject him to the payment of interest under the provisions of Sec. 1870, Revised Statutes, no judgment can be rendered against him for amounts which he failed to deposit in a chartered bank prior to the judgment. The claim should have been made before the judgment of homologation, by which the creditor is concluded. Interest on a claim on a rule, taken after judgment of homologation, against the syndic on failure to deposit amounts and keep books, required by said section, can only be allowed after judgment, and ceases on payment of the judgment.

APPEAL from the Fourteenth Judicial District Court for the Parish of Iberville.  *Talbot, J.*

*Ernest T. Florance,* for Plaintiff in rule to produce bank book and to destitute syndic, Appellant, cites: 2 An. 41, 46; 6 An. 427; 11 An. 279; 28 An. 367; 14 Lea (Tenn.) Rep. 553; 7 An. 450.

*Alex. Hébert* for Syndic, Defendant, Appellee, cites: 46 An. 436, 1230; 18 An. 64; C. P., Art. 567; 3 An. 115; 4 An. 233; 32 An. 947.

Argued and submitted March 25, 1895.
Opinion handed down April 8, 1895.
Rehearing refused May 6, 1895.

The opinion of the court was delivered by

McENERY, J.  The syndic in this insolvency filed a tableau of distribution, praying for its approval and his discharge.  J. G. Spor, a mortgage creditor, opposed the same.  The tableau was amended, and the syndic appealed to this court.  On opponent's motion, the appeal was dismissed.  Chapoton vs. Creditors, 46 An. 413.

Pending the appeal, under Sec. 1820, Revised Statutes, Spor, the mortgage creditor, sued out a rule against the syndic to show cause

why he should not be condemned to pay the estate twenty per cent. per annum on the amount not deposited by him in a chartered bank of this State, as soon as the amounts came into his hands; also that the syndic failed to keep a bank book in his official name.    He prayed for a dismissal from office of the syndic.

The rule was put at issue, tried, and the rule was discharged.

The creditor, Spor, appealed.

The evidence shows that the syndic failed to deposit the money separately, and that he failed to keep a bank book in his official name.    The money was deposited in bank, with funds of the partnership to which the syndic belonged.    He denies that he ever used the funds, or withdrew them from the place of deposit.    There is no evidence that he did, prior to the judgment of homologation.    All the creditors to whom there was anything to go have been paid, among the number the plaintiff in rule, who, however, reserved his right, in giving a receipt, for what amount might be additionally awarded him in case of judgment against the syndic in the rule now pending.

From the facts stated, it will be seen that this case is within the ruling of Succession of Mann, 4 An. 28, and Succession of Thompson, 13 An. 263, in both of which it was held that after the final judgment of homologation the claim for interest can only be sustained from and after the date of the judgment.    Interest before the date of the judgment must be urged in the opposition, or by rule, as the interest can not be sued for distinctly from the principal.

Same authorities.

The creditor, Spor, accepted the amount due him, as soon as it was practical to pay him, and we see no reason why he should be paid interest on his judgment by prolonging the litigation for this purpose.    The interest after judgment is for the detention of the fund, and runs until the amount is paid.    The creditor can not, as is attempted in this case, separate the interest from the judgment, and sue for it distinctly from the principal, which he has received. After the judgment, as a matter of course, the interest ceases.

It is useless to pass upon the demand for the dismissal of the syndic.    He has paid all creditors, and is virtually discharged.    With the affirmation of the judgment, there could be left no demand against the estate.

Judgment affirmed.